IN THE COURT OF APPEALS
AT KNOXVILLE

FILED

April 15, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

ALVIN McNAIR,                    )    KNOX CHANCERY
                                 )    C.A. NO. 03A01-9804-CH-00122
                                 )
         Defendant-Appellant,    )
                                 )
vs.                              )
                                 )
                                 )    HON. FREDERICK D. McDONALD
                                 )    CHANCELLOR
                                 )
CARLTON E. SMITH,                )
                                 )
         Plaintiff-Appellee.     )    VACATED AND REMANDED
                                 )
                                 )

CARLTON E. SMITH, Whiteville, Pro Se Appellant.

GARY M. KIRK, Knoxville, for Appellee.

O P I N I O N

McMurray, J.

In this action, defendant Carlton Smith appeals the trial court's decision to deny his motion to set aside a default judgment which had been entered against him, which he filed under Rule 60.02 of the Tennessee Rules of Civil Procedure. In his motion, Smith alleges that he was never served with valid service of process and

thus was not given notice of the action against him which had been filed by the plaintiff, Alvin McNair.  We vacate the trial court's judgment and remand the case for a trial on the merits.

This action began on September 19, 1988, when McNair filed a petition for declaratory judgment, which alleged as follows:

> The Defendants, Carlaton [sic] Smith and Tina Smith[1], are the sole heirs at law of Sarah Jean Turner, deceased.  Sarah Jean Turner died intestate in Knox County, Tennessee on July 29, 1988.
>
> In 1972 the deceased, Sarah Jean Turner, purchased a house and lot at 3407 McPherson Street, Knoxville, Tennessee.
>
> On or about November 12, 1975 the Petitioner, Alvin McNair, took up residence with the deceased, Sarah Jean Turner, and these two parties lived together until the death of Sarah Jean Turner on July 29, 1988.
>
> During the period of time from November 12, 1975 and up through the present time the Petitioner has made a large portion of the payments on the first mortgage on the real property owned by Sarah Jean Turner at 3407 McPherson Street. . .during the last five to six years your Petitioner made all of the payments on the aforesaid mortgage.
>
> *          *          *
>
> Plaintiff would aver that a constructive trust should be established to protect his interest in the real property at 3407 McPherson Street. . .and the amount of his interest should be determined by this Court.

---

[1]Default judgment was entered against Tina Smith and she is not involved in this appeal.

2

No certificate of service was attached to McNair's Petition for Declaratory Judgment.

The next pleading in the record is McNair's motion for default judgment, which alleges that Smith "w[as] duly served with a copy of the summons and complaint in this action on September 22, 1988." The certificate of service attached to this motion states that a copy of the motion was served upon Smith at 3407 McPherson Street, Knoxville, Tennessee. The trial court granted McNair a default judgment against Smith on January 20, 1989.

The petition for declaratory judgment was heard on February 3, 1989, whereupon the court ordered as follows:

> . . .the Court was of the opinion that it was proper that a constructive trust be established on a certain parcel of property at 3407 McPherson Street, Knoxville, Knox County, Tennessee to protect the interest of Alvin McNair as it may appear in said property[,] said interest being in the amount of Fifteen Thousand Dollars ($15,000.00) plus payments made after the entry of this judgment.

On August 10, 1989, McNair filed a "motion for judicial sale to satisfy judgment" in which he alleged that he "continues to make payments on the property and no efforts have been made by the defendants herein to sell the property and to satisfy the lien thereon in favor of your plaintiff herein." On November 28, 1989,

after a hearing, the trial court ordered that the property at 3407 McPherson Street be sold.

The property was sold at public sale on January 4, 1990. McNair made the highest bid at the sale, a bid of nine hundred dollars ($900.00), and the property was sold to him at that price. An order confirming the sale was entered by the Knox County Chancery Court on January 10, 1990.

The next pleading in the record is Smith's Rule 60.02 motion to set aside the default judgment, filed January 26, 1998, which states in relevant part as follows:

> 1. I Carlton E. Smith was and have been kept ignorant to any suit being taken against me due to the false and fraudulent summons that was suppose[d] to have been served upon me on Sept. 22nd of 1988. The courts was [sic] given false information by the plaintiff and through counsel for the plaintiff, of my true whereabouts. 2. At the time of the service of the summons, I Carlton E. Smith was incarcerated at Morgan County Corrections, and could not have been served with a summons at the address that's on the summons. To [have] served a summons on me, the Deputy Sheriff would have had to come to Wartburg, Tn. 3. I Carlton E. Smith could not have responded to any default judgement against me in a timely matter [sic] because I had no knowledge that one was against me, nor that any civil matters existed. I didn't become aware of the situation til [sic] my release from prison years later. 4. The invalid summons is what led to the default judgement being taken against me.

4

On March 11, 1998, the trial court made the following written order:

> This cause came before this court on March 6, 1998 upon the Motion to Set Aside a Default Judgment and a Motion for a Continuance filed heretofore by the Defendant, the appearance by the Plaintiff, argument by counsel for the Plaintiff, and upon the record as a whole from all of which the court finds that the Motion for a Continuance should not be granted due to a failure of grounds upon which the Motion to Set Aside a Default Judgment should be granted. The latter results from the fact that the court could find no fault with the original service of process upon the defendant and because TRCP requires that such Motions as is [sic] being sought here be brought within a reasonable time and 10 years far exceeds the bounds of reasonableness. It is, therefore
>
> ORDERED that the Motions of the Defendant shall be and hereby are dismissed with prejudice against refiling same.

It thus appears from this order that the Chancery Court dismissed Smith's motion after what amounted to an ex parte hearing, without providing Smith, a pro se litigant, a chance to be heard or present evidence supporting his position.

Tennessee Rule of Civil Procedure 60.02 provides the following in relevant part:

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore

5

> denominated intrinsic or extrinsic), misreprentation, or other misconduct of an adverse party; (3) the judgment is void; . . . . .or (5) any other reason satisfying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than one year after the judgment, order or proceeding was entered or taken.

Generally, when presented with a party's motion to reopen a final judgment under Rule 60.02, the courts have applied the rule that "[t]he principle of finality is firmly embedded in the procedural rules and, therefore, Rule 60.02 is an "escape valve" that should not be easily opened." NCNB National Bank of North Carolina v. Thrailkill, 856 S.W.2d 150, 153 (Tenn.App. 1993). Our courts have also noted that "Tennessee Rule of Civil Procedure 60.02(5) is intended to provide relief only in the most unique, exceptional, or extraordinary situations." Id. at 154.

The courts have applied these general rules much less strictly, however, when the judgment sought to be reopened is a default judgment, and when the defaulting party can demonstrate that his or her failure to appear was reasonably excusable. The Supreme Court noted this distinction in the case of Tennessee Dept. of Human Services v. Barbee, 689 S.W.2d 863, 867 (Tenn. 1985), stating that "courts often apply a different standard when faced with a Rule 60 motion in regard to a default judgment. . .Rule 60 is construed with liberality to afford relief from a default

6

judgment." Id. In Keck v. Nationwide Systems, Inc., 499 S.W.2d 266, 267 (Tenn.App. 1973), this court noted:

> One can find numerous decisions where the courts make it clear they are anxious to see cases determined on the merits whenever such is possible. It seems to be a universal rule that when there is a reasonable doubt as to whether a default judgment should be set aside upon proper application, the court should exercise its discretion in favor of granting the application so as to permit a determination of the cause upon the merits.

Id.; accord Tennessee State Bank v. Lay, 609 S.W.2d 525, 527 (Tenn.App. 1980), Nelson v. Simpson, 826 S.W.2d 483, 485-87 (Tenn.App. 1991). The primary reason for this principle is that "the law delights in giving to every [person] a day in court to make his defense." Keck, 499 S.W.2d at 268, citing Roberts v. Stewart, 9 Tenn. 390, 392 (1830).

In the present case, the summons allegedly served upon Smith is not contained in the record before us. As noted above, the motions in the record filed subsequent to the initial petition include certificates of service certifying that copies of the motions were served on Carlton Smith at 3407 McPherson Street. In his motion to set aside the judgment, Smith alleges that McNair provided this address to the deputy sheriff responsible for serving the summons on Smith, knowing that the address was incorrect and that Smith resided elsewhere. It is interesting to note that the

7

address in the subsequent certificates of service, 3407 McPherson, was the same address at which McNair was residing.

The Western Section of this court, when faced with circumstances remarkably similar to those of this case, stated:

> It is our view that a judgment, obtained upon a false return made by the sheriff whether the return was made in good faith or not, operates as a fraud upon the Court when the Court enters a judgment based on the return with no knowledge of such lawsuit on the part of the party against whom the judgment is rendered. No [court] would knowingly enter such a judgment as it deprives a party of the fundamental constitutional right of due process. Tennessee Constitution Article 1, § 8; United States Constitution, Amendment V.
>
> Therefore, this case was not subject to dismissal for failure to comply with Rule 60 as found by the Chancellor.

Hawley v. Lavelle, 602 S.W.2d 499, 502 (Tenn.App. 1980).

It is axiomatic that "[a] fundamental requirement of due process is notice and an opportunity to be heard." Phillips v. State Bd. of Regents, 863 S.W.2d 45, 50 (Tenn. 1993); see also In re Riggs, 612 S.W.2d 461, 465 (Tenn.App. 1980) ("In litigation between private parties over private rights, it is well-settled that due process of laws requires that both notice and an opportunity to be heard be given to necessary parties as to the essentials of a judicial proceeding."); Redd v. Tennessee Dept. of Safety, 895 S.W.2d 332, 335 (Tenn. 1995). In this case, Smith alleges he was

8

purposefully deprived of notice of the proceeding against him. He was certainly deprived of an opportunity to be heard, and to present supporting evidence, when the Chancery Court dismissed his motion without his presence in the courtroom. Under these circumstances, we are of the opinion that the merits of the case should be reopened, and should receive a full and fair examination. Smith's constitutional right to due process requires as much.

The judgment of the trial court is vacated in its entirety and the case is remanded for a full consideration of the merits. Costs on appeal are assessed to the appellee.

**PER CURIUM ORDER**

The foregoing opinion, prepared by Judge Don T. McMurray, late member of the Court and now deceased, is now approved and adopted as the opinion of the Court.

_____
Houston M. Goddard, P.J.

_____
Charles D. Susano, Jr., J.

9